IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BURTON,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF KANAB, UTAH, et al.,<br><br>    Defendants<br>                                      / | No. C-08-4102 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR IMPROPER VENUE** |

      Before the Court is plaintiff's complaint, filed August 27, 2008.  In his complaint, plaintiff alleges claims arising from his arrest in Utah and prosecution for crimes in Utah. Plaintiff alleges that the district court has diversity jurisdiction over the instant action. According to the complaint, plaintiff lives in California, while defendants live in Utah.

      "A civil action wherein jurisdiction is founded only on diversity of citizenship" may only be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to subject jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise br brought."  See 28 U.S.C. § 1391(a).

      No defendant resides in the Northern District of California.  Further, the events

described in the complaint occurred entirely in Utah.  Finally, there is another district in which the action may be brought, specifically, the District of Utah.  Consequently, it appears venue is improper in this district.  See id.

Accordingly, the Court hereby ORDERS PLAINTIFF TO SHOW CAUSE, no later than September 26, 2008, and in writing not to exceed five pages in length, why the instant action should not be dismissed without prejudice based on improper venue.  See 28 U.S.C. § 1406(a) (providing district court has discretion to dismiss "case laying venue in the wrong . . . district"); Costlow v. Weeks, 790 F. 2d 1486, 1488 (9th Cir. 1986) (holding district court has authority to raise the issue of defective venue on its own motion).

**IT IS SO ORDERED.**

Dated:  September 10, 2008

MAXINE M. CHESNEY  
United States District Judge