IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BURTON, | No. C-08-4102 MMC |
| Plaintiff, | **ORDER RE: LETTER FILED OCTOBER 28, 2008** |
| v. | |
| CITY OF KANAB, UTAH, et al., | |
| Defendants / | |

By order filed September 10, 2008, the Court directed plaintiff to show cause, no later than September 26, 2008, why the above-titled action should not be dismissed for improper venue, pursuant to 28 U.S.C. § 1406(a); no response was filed. By order filed October 3, 2008, the Court dismissed the action without prejudice, for improper venue. Thereafter, the Court received a letter, dated October 25, 2008 and filed October 28, 2008, in which plaintiff sets forth two "grievances" and four "questions."

Plaintiff's first "grievance" is that the action was assigned by the Clerk of the Court to the San Francisco/Oakland Division of this District, rather than to the San Jose Division. To the extent such grievance is a request for reconsideration of the dismissal, the Court DENIES such request, for the reason that plaintiff fails to demonstrate the Clerk's assignment of the instant case to the San Francisco/Oakland Division was in error.

Plaintiff's second "grievance" is that he did not receive the Court's September 10,

2008 order to show cause until "late October" because he was away from his address of record until such time.  To the extent such grievance is a request for reconsideration of the dismissal, the Court DENIES such request, for the reason that plaintiff has not indicated how, if he were permitted to file a response to the order to show cause at this time, he could demonstrate that venue is proper in the Northern District of California.

Plaintiff's first, second, and fourth "questions" are requests for advice concerning the effect of the dismissal on, respectively, plaintiff's ability to obtain answers to the complaint from defendants, the running of the period set forth in the statute of limitations, and the need for plaintiff to pay a filing fee in a proper venue.  The Court declines to provide answers to such questions, as the Court cannot provide legal advice.

Plaintiff's third "question" is an inquiry as to "why a Case Management Conference was scheduled even after [the Court] dismissed the complaint."  Because the Case Management Conference was scheduled before the complaint was dismissed,[1] the Court construes plaintiff's question to be whether the December 19, 2008 Case Management Conference remains as scheduled.  The answer is no; the December 19, 2008 conference was vacated when the complaint was dismissed.

**IT IS SO ORDERED.**

Dated:  November 13, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] By order filed September 18, 2008, the Court scheduled a Case Management Conference for December 19, 2008; as noted, by order filed October 3, 2008, the Court dismissed the case.